SANDRA K. MCBETH
2236 S. Broadway, Suite J
Santa Maria, CA 93454
Telephone: (805) 922-0313
Facsimile: (805) 922-7915
smcbeth@mcbethlegal.com

CHAPTER 7 TRUSTEE

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In Re: | Case No. 9:11-BK-15294RR |
| JEFFREY & NATORAE WETTSTEIN, | Chapter 7 |
| Debtors. | MOTION AUTHORIZING CHAPTER 7 TRUSTEE TO CLOSE CASE WHILE RESERVING AN UNADMINISTERED ASSET; DECLARATION OF SANDRA K. MCBETH |
| | [11 U.S.C. Section 554] |
| | NO HEARING REQUIRED [Local Rule 9013-1(o)] |

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

SANDRA K. MCBETH, Chapter 7 Trustee (hereinafter "Trustee") hereby moves this Court for an Order authorizing her to close this Chapter 7 case without abandoning or administering an asset, more particularly described as the Judgment entered in adversary 9:12-AP-01262 on May 4, 2014, McBeth v. Holzer, et al. in the sum of $310,000.00, as partially assigned per Order entered December 21, 2016 based upon the following:

1. Debtors Jeffrey and Natore Wettstein (hereinafter "Debtors") filed this voluntary Chapter 7 bankruptcy proceeding on November 16, 2011. Trustee is the duly appointed and acting Chapter 7 Trustee.

2. On May 21, 2012 Trustee employed Brutzkus Gubner as special counsel to pursue an action against Bambi Holzer, et al. for breach of contract, fraud, and negligent representation, Adv. 9:12-ap-01262.

1

3.  This adversary resulted in a judgment in favor of the Trustee and against all defendants in the sum of $310,000.00 entered May 4, 2014.

4.  After months of attempting to collect and enforce the Judgment, the Trustee learned Ms. Holzer had relocated to Tennessee. Thereafter, on or about August 13, 2015, the Trustee, through counsel, had the Judgment filed in the United States Bankruptcy Court, Middle District of Tennessee, Miscellaneous Case No. 3:15-mp-80092. Thereafter, an Abstract of Judgment was recorded in Tennessee on November 5, 2015.

5.  No other assets exist in this matter.

6.  The bar date for submitting claims expired on November 6, 2012. Significant claims have been filed.

7.  On or about November 30, 2016, the Trustee filed a motion for an order approving the transfer and assignment of the judgment to her special counsel, Brutzkus Gubner in lieu of payment of attorneys fees whereby recovery on the judgment, if any, would be shared as follows:

   a.  100% of the recovery on the Judgment shall be paid to Brutzkus Gubner until $120,000.00 has been collected.

   b.  Thereafter, any recoveries shall be split 50/50 (50% to each) by Brutzkus Gubner and the Estate, until Brutzkus Gubner is paid to total amount of $240,000.00.

   c.  Thereafter, 100% to the estate.

8.  This agreement and assignment was approved by Order entered December 21, 2016.

9.  Due to the length of time this matter has been open, with no success at collection to date, the Trustee believes it to be in the best interest of all parties and creditors to close the case until that time collection on the Judgment, as outlined above, can be accomplished. If counsel is successful at collection in the future to the degree the Estate will be entitled to payment, the Trustee will file a motion to reopen the case and administer the collected sums.

10. This Court is authorized to enter such an order pursuant to 11 U.S.C. Section 105(a) and in the furtherance of judicial economy and effective and efficient administration of a case.

11. If the case were simply closed as a no asset case, the judgment would thereby be abandoned, to the detriment of all parties and creditors unless the Court orders otherwise pursuant to 11 U.S.C. Section 554(c). Further, the case may be reopened at any time to administer assets pursuant to 11 U.S.C. Section 350(b).

1 | 12. Notice of this Motion has been served pursuant to Local Rule 9013-1(o).

Date: Jan 30, 2017

_____
SANDRA K. MCBETH
Chapter 7 Trustee

3

## DECLARATION OF SANDRA K. MCBETH

I, SANDRA K. MCBETH, DECLARE AND SAY

1. I am the duly appointed, qualified and acting Chapter 7 Trustee and was appointed upon the filing of this voluntary Chapter 7 proceeding on November 16, 2011.

2. Thereafter, on or about May 21, 2012, I employed the firm of Brutzkus Gubner to represent me as special counsel for purposes of filing an action against Bambi Holzer for Breach of contract, fraud and negligent representation. This was filed as adversary 9:12-ap-01262.

3. On May 4, 2014, a judgment was entered against the defendants in the sum of $310,000 and in favor of the estate.

4. Collection of this judgment proved difficult, as Ms. Holzer moved to Tennessee and did not appear to have any non-exempt assets. On or about August 13, 2015, the judgment was filed in the Middle District of Tennessee and an Abstract of Judgment recorded in Tennessee on November 5, 2015. To date, nothing has been collected on the judgment. This judgment is the only asset in this Chapter 7 case.

5. On November 30, 2016, I filed a motion to approve the assignment of the judgment to Brutzkus Gubner pursuant to the following schedule:

    a. 100% of the recovery on the Judgment shall be paid to Brutzkus Gubner until $120,000.00 has been collected.

    b. Thereafter, any recoveries shall be split 50/50 (50% to each) by Brutzkus Gubner and the Estate, until Brutzkus Gubner is paid to total amount of $240,000.00.

    c. Thereafter, 100% to the estate.

6. This assignment was approved by Order entered December 21, 2016.

4

7. This case has been pending for over five years, with no asset collected for the benefit of creditors, which are substantial. The continued cost and time of keeping the case open, when the collection efforts have been futile to date, is not effective.

8. If I were to simply close the case as a no asset case, the judgment would be abandoned. Rather than abandon the only asset, I believe it is in the best interests of the Court and the Estate to close the matter while reserving my ability to reopen if or when the judgment becomes collectible to the extent the Estate would be entitled to payment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 30 day of January, 2017 at Santa Maria, CA.

/s/ Sandra K. McBeth
Sandra K. McBeth

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**2236 S. Broadway, Suite J, Santa Maria, CA**

A true and correct copy of the foregoing document described **MOTION AUTHORIZING CHAPTER 7 TRUSTEE TO CLOSE CASE WHILE RESERVING AN UNADMINISTERED ASSET; DECLARATION OF SANDRA K. MCBETH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On JANUARY 30, 2017 checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (ND) — ustpregion16.nd.ecf@usdoj.gov
William Winfield, Attorney for Debtors — wwinfield@rstlegal.com
Michael Davis, Special Counsel for Trustee — mdavis@brutzkusgubner.com
Steven Gubner, Special Counsel for Trustee — sgubner@brutzkusgubner.com
Travis Daniel, Attorney for Shelley Jensen — tdaniels@brutzkusgubner.com
Wells Fargo Bank c/o Brielyn Atwater — bknotice@mccarthyholtus.com
US Bank c/o Patrick Bruso — bruso005-umn.edu
Courtesy NEF — madviento@wrightlegal.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On JANUARY 30, 2017 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtors
Jeffrey & Natorae Wettstein
2960 Sailor Avenue
Ventura, CA 93001

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| JAN 30, 2017 | Donna Earnest | [signature] |
|---|---|---|
| Date | Type Name | Signature |